UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MS. MAURO,<br><br>　　　　Defendant. | Case No.  3:21-cv-00409-RCJ-WGC<br><br>**ORDER** |

　　　On September 14, 2021, the Court denied without prejudice Durand's application to proceed *in forma pauperis* (ECF No. 4), directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before November 15, 2021.  On September 21, 2021, Durand submitted a second incomplete application to proceed *in forma pauperis* (ECF No. 5).  To date Durand has failed to comply with the Court's Order (ECF No. 4).

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal

for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order (ECF No. 4) stated that if Durand fails to comply, this case will be subject to dismissal without prejudice. Thus, Durand had adequate warning that dismissal would result from noncompliance with the Court's order to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before November 15, 2021.

///

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Durand's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's order dated September 14, 2021. (ECF No. 4).

IT IS FURTHER ORDERED that the application to proceed *in forma* pauperis (ECF No. 5) is DENIED as MOOT.

IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 24th day November, 2021.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE